**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PATRICIA EARNEST,** *et al.*,

    **Plaintiffs,**

  v.                          **Civil Action 2:19-cv-3611**
                               **Judge Sarah D. Morrison**
                               **Magistrate Judge Chelsey M. Vascura**

**JOANNA ELLISON,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter comes before the Court for consideration of Plaintiffs' "Motion for Writ of Mandamus to Set Aside Court Order Dated February 3, 2020 and Judgment" (ECF No. 17). For the reasons that follow, the Court **DENIES** Plaintiffs' Motion.

### I.    PROCEDURAL HISTORY

On August 19, 2019, Plaintiffs filed their Complaint against Defendants, Joann Ellison, the Honorable Lawrence A. Belskis, Jack G. Gibbs, Jr. and Alphonse P. Cincione. (ECF No. 1.) That day, summonses were issued as to Defendants Joann Ellison, Jack G. Gibbs, Jr., and Alphonse P. Cincione. (ECF No. 2.)

On October 25, 2019, Plaintiffs moved for default judgment against all Defendants. (ECF Nos. 4 & 5.) Plaintiffs' motion was denied without prejudice because (i) Plaintiffs failed to provide proof of service for Defendants in a manner compliant with Fed. R. Civ. P. 4(l), and (ii) Plaintiffs failed to first apply for an entry of default in accordance with Fed. R. Civ. P. 55. (ECF No. 6.)

On December 13, 2019, the Court ordered Plaintiffs to show cause why their action should not be dismissed for failure to prosecute based on their continuing failure to effect service over any of the Defendants. (ECF No. 8.) The Court further ordered Plaintiff Patricia Earnest to show cause why her claims should not be dismissed for failure to prosecute based on her failure to provide the Court with a current mailing address. (*Id.*) Plaintiffs did not respond to the Court's Order.

On January 3, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiffs' action be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to timely effect service of process and Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF No. 10.) Thereafter, on January 13, 2020, Plaintiffs filed a "Motion for Relief from Judgment or Order Motion to Set Aside Court Order Dated October 28, 2019," which this Court previously construed as an objection to the R&R. (ECF No. 11. *See also* ECF No. 13.) Therein, Plaintiffs argued that the Magistrate Judge erred in finding that service had not been effected on Defendants Joann Ellison and Alphonse Cincione. (*Id.*) This Court overruled Plaintiffs' objection, thereby denying Plaintiffs' Motion to Set Aside Court Order, and adopted the R&R on February 3, 2020. (ECF No. 13.)

On March 5, 2020, Plaintiffs filed a similar "Motion for Writ of Mandamus to Set Aside Court Order Dated February 3, 2020 and Judgment." (ECF No. 17.) Plaintiffs again appear to argue that Defendants Joann Ellison and Alphonse Cincione were properly served. (*Id.*)

## II. ANALYSIS

The Court construes Plaintiffs' Motion for Writ of Mandamus to Set Aside Court Order Dated February 3, 2020 and Judgment as a motion for relief from final judgment under Fed. R. Civ. P. 60(b)(1) and (b)(6).

Rule 60(b) permits this Court to grant a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof. The grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d. 499, 509 (6th Cir. 2014) (internal quotation marks and citations omitted). Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted). Rule 60(b)(6) "is a catchall provision, which provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550 at 553 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1708 (2015). "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Abdur'Rahman v. Carpenter*, 805

F.3d 710, 713 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)), *cert. denied*, 137 S.Ct. 1201 (2017). Trial courts have "especially broad" discretion in considering motions made under Rule 60(b)(6). *Tyler*, 749 F.3d. at 509 (internal quotation omitted).

The Court finds no basis for granting relief under either Rule 60(b)(1) or Rule 60(b)(6). In their Motion, Plaintiffs argue that the Court made a mistake when it determined Defendants Joann Ellison and Alphonse Cincione were not properly served. (ECF No. 17.) However, the docket continues to reflect only that summons were issued to those individuals. (*See* ECF No. 2.) Plaintiffs do not offer any additional evidence in support of their assertions, nor do they address the issue of service on Defendants the Honorable Lawrence A. Belskis or Jack G. Gibbs, Jr. Plaintiffs' disagreement with the Court's prior rulings neither proves a mistake of law on the Court's part, nor constitutes an extraordinary circumstance. Plaintiffs' Motion is therefore **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Writ of Mandamus to Set Aside Court Order Dated February 3, 2020 and Judgment (ECF No. 17). The Court will, however, permit Plaintiffs to re-file a new action advancing their claims. Any re-filed action must identify 2:19-cv-3611 as a related case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**